UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

---

STEVEN H. ROBERTS, JR.,

        Plaintiff,

v.                                                Civil Action No._____

NRA GROUP, LLC,
NATIONAL RECOVERY AGENCY, INC.,

        Defendants.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. Plaintiff, Steven H. Roberts, Jr., brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as "FDCPA") for a finding that Defendants' debt collection efforts violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA .

### II. JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper is this District under 28 U.S.C. § 1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Steven H. Roberts, Jr. ("Roberts"), is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3)

5. Defendant NRA Group, LLC. is a New York State foreign limited liability company, and is a debt collector as defined by 15 U.S.C. § 1692A(6).  The New York State Department of State indicates a registered address for NRA Group, LLC. as 2491 Paxton Street, Harrisburg, PA 17111

6. Defendant National Recovery Agency, Inc. is a foreign business corporation, and is a debt collector as defined by 15 U.S.C. § 1692A(6).  The New York State Department of State indicates a registered address for National Recovery Agency, Inc. as 4201 Crums Mill Road, Harrisburg, PA 17112.

7. The entities referred to in paragraphs five and six will be hereinafter referred to as "Defendants"

8. The acts of the Defendants alleged in this Complaint were performed by its employees acting within the scope of actual or apparent authority.

9. All references to "Defendants" shall mean the Defendants or an employee of the Defendants.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff incurred a financial obligation to Rural Metro Medical Services in connection with the origination of consumer credit for personal, family, or household purposes; the associated debt is, therefore, a "debt" as that term is defined by 15. U.S.C. § 1692a(5).

11. Subsequent to the origination of the subject debt, a payment default occurred.

12. Thereafter, the debt was consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

13. On or about May 7, 2012, one of the collectors for the Defendants contacted the residence of Plaintiff's mother, and engaged in a communication with Plaintiff's mother.

14. The Defendants' collector indicated that he was a debt collector, thereby failing to limit the communication to the mere effort to obtain location information.

15. Plaintiff's mother indicated to the collector that she had previously informed the collection agency that the telephone that was dialed was not the telephone number of the Plaintiff, and that the Defendant should not call the number in the future.

16. Plaintiff's mother also indicated Plaintiff was in the process of filing bankruptcy.

17. Defendants' collector replied by informing Plaintiff's mother that the potential bankruptcy filing was not a concern of the collector, and that he would call whenever he wanted to call.

18. Defendants' collector failed to limit the content of the collection communication with Plaintiff's mother to the mere attempt to obtain location information.  Rather, Defendants' collector disclosed that he was a debt collector, thereby disclosing the presence of a debt.  In addition, the debt collector used a false, deceptive, and misleading representation when he implied that a bankruptcy filing would not result in the termination of any future collection calls.

19. On or about May 14, 2012 Defendant called Plaintiff after 9:00 PM EST.  Said call is presumed to be an inconvenient time, as it was past 9:00 pm in the time zone that the Plaintiff resided in.

## V.  CAUSE OF ACTION

20. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A.  Defendants violated 15 U.S.C. § 1692b(1) and 15 U.S.C. 1692b(2) by identifying that he was a debt collector and by disclosing the debt to a third party.

    B.  Defendants violated 15 U.S.C. § 1692c(a)(1)  by calling Plaintiff after 9:00 PM.

    C.  Defendants violated 15 U.S.C. § 1692e by making a false, misleading, or deceptive representation when its collector indicated that a bankruptcy filing would not prevent further collection communication.

    WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Damages pursuant to 15 U.S.C. § 1692k;

    (b) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

    (c) For such other and further relief as may be just and proper.

## VI. JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  June 29, 2012

                                                   s/ Brad J. Davidzik_____
                                                   Brad J. Davidzik, Esq.
                                                   Jeffrey Freedman Attorneys at Law
                                                   Attorneys for Plaintiff
                                                   424 Main Street, Suite 622
                                                   Buffalo, New York 14202
                                                   (716) 856-7091
                                                   Email: bdavidzik@jeffreyfreedman.com